UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

PRESTON J. KINSEY,               :
                                 :
     Plaintiff,                  :
                                 :
     v.                          :     CASE NO. 3:10cv512(DFM)
                                 :
DAVID GULIUZZA,                  :
                                 :
     Defendant.                  :


BENCH TRIAL RULING

I.   Background

     In 2010, the plaintiff, Preston Kinsey, brought this lawsuit
against the defendant, David Guliuzza, a New Haven police officer.
The plaintiff, an African American, alleges that the defendant, who
is white, pulled him over without reasonable suspicion or probable
cause.  Instead, the plaintiff claims the defendant stopped him
because of his race, depriving him of equal protection in violation
of the Fourteenth Amendment to the United States Constitution.

     The defendant disputes the plaintiff's allegation and contends
that he stopped the plaintiff not because of his race but because
he failed to stop at a red light.  He contends that he did not
violate the plaintiff's equal protection rights.

     In June 2013, the parties consented to the jurisdiction of a
magistrate judge.  (Doc. #31.)  A court trial was held before the
undersigned on November 12, 2013.  The plaintiff, the defendant and
New Haven police officer Michael Styles testified.  After carefully
listening to the testimony of the witnesses and considering the
exhibits introduced and the arguments made by counsel, I make the

following findings of fact and conclusions of law, in accordance with Rule 52 of the Federal Rules of Civil Procedure.

II.  Findings of Facts

At 4:30 p.m. on April 29, 2008, the plaintiff was driving a rental vehicle on Chapel Street in New Haven, Connecticut.  The defendant, an officer with five years service at the time, had just started his shift.  He was driving alone in his police cruiser about one to two car lengths behind the plaintiff's car.  The defendant saw the plaintiff drive through a red traffic light at the intersection of Chapel and York streets.  Upon seeing this, the defendant turned on his cruiser lights and siren and stopped the plaintiff's car.  The defendant did not know the plaintiff's race (or gender or age for that matter) at the time the defendant initiated the motor vehicle stop.  The defendant did not stop the plaintiff's car because of the plaintiff's race.  The defendant stopped the plaintiff's vehicle because the plaintiff violated a traffic law.  At no time did the defendant say anything to the plaintiff to suggest a racial motive for the stop.

Following the procedure of the New Haven Police Department, the defendant waited in his police cruiser until back-up arrived. During this time, the plaintiff left his vehicle and approached the defendant, who told him to get back into his car.  A Yale University security officer arrived on the scene and parked behind the

defendant's cruiser.[1]  A New Haven police officer, Officer Styles, arrived next and parked behind the Yale officer.  With back-up in place, the defendant approached the plaintiff's driver's side window.  Officer Styles and the Yale officer were at the rear of the plaintiff's vehicle. The defendant told the plaintiff that he stopped the plaintiff because he had failed to stop at a stop light. The plaintiff denied running a red light and concluded that the defendant must have stopped him because of his race.  The plaintiff told the defendant he was the victim of racial profiling and that he would "see him in court."  (Def's Ex. 6.)  The defendant issued the plaintiff a traffic ticket for failure to obey a traffic signal in violation of Conn. Gen. Stat. § 14-299.  (Def's Ex. 6.)  The total time of the incident was 21 minutes.  (Def's Ex. 8.)  When the plaintiff appeared in court, the charge was dismissed because the defendant was not present.  (Def's Ex. 7.)  Logs confirm that the defendant had not been served with a subpoena to appear. (Def's Ex. 9.)

III. Conclusions of Law

The plaintiff alleges that he was stopped, without any reason, solely because of his race, in violation of the Equal Protection Clause.

The "central purpose" of the Equal Protection Clause is "the prevention of official conduct discriminating on the basis of race."

---

[1]The defendant did not request her presence.

3

Washington v. Davis, 426 U.S. 229, 239 (1976). "To state a race-based claim under the Equal Protection Clause, a plaintiff must allege that a government actor intentionally discriminated against him on the basis of his race." Brown v. City of Oneonta, 221 F.3d 329, 337 (2d Cir. 2000). A plaintiff alleging racial discrimination in a traffic stop bears the burden of presenting evidence from which a finder of fact could reasonably infer that the law enforcement official involved was motivated by a discriminatory purpose.

Applying these principles to the evidence presented at trial, the plaintiff has not sustained his burden of proof on his claim that the defendant discriminated against him based on his race. The plaintiff did not present any credible evidence of intentional discrimination[2] Based on the foregoing, the plaintiff has failed to prove by a preponderance of the evidence that the defendant violated 42 U.S.C. § 1983. Therefore, the Clerk is instructed to enter judgment in favor of the defendant and to close this case.

SO ORDERED at Hartford, Connecticut this 18th day of November, 2013.

_____/s/_____
Donna F. Martinez
United States Magistrate Judge

---

[2]The court did not find the plaintiff's testimony to be credible. Among other things, the plaintiff insisted many times that he saw a New Haven police officer armed with a shotgun at the stop. On cross-examination, the defendant testified that the New Haven police department does not equip its officers, either then or now, with shotguns.